758

34 C.C.P.A.(Patents)

## In re ROCKWELL.
### Patent Appeal No. 5286.

Court of Customs and Patent Appeals.
May 20, 1947.

Arthur Wright, of New York City (Stone, Boyden & Mack, of Washington, D. C., of counsel), for appellant.

W. W. Cochran, of Washington, D. C. (E. L. Reynolds, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, JACKSON, and O'CONNELL, Associate Judges.

BLAND, Associate Judge.

In this appeal appellant seeks a review of the decision of the Board of Appeals of the United States Patent Office which affirmed the action of the Primary Examiner in finally rejecting all of the claims (Nos. 1, 3, 5, 7, 9, 11, 13, and 15 to 21, inclusive) in his application for a patent on a Two Stage Power System.

We, as did the board, regard claims 7, 17 and 21 as illustrative of all of the claims and they read as follows:

"7. An apparatus comprising a controlling means, a source of vacuum, a power applying device connected to said controlling means having a hydraulic pressure intensifier and a movable wall adapted to be operated by said vacuum constantly on one side of the wall to urge the intensifier forwardly in one direction, and a second power applying device having a second hydraulic pressure intensifier and a movable wall adapted to be operated by the same vacuum constantly on one side of the wall to urge the intensifier forwardly in one direction and having a hydraulic connection to the hydraulic pressure intensifier of said first power applying device for controlling the application of hydraulic power from said second hydraulic pressure intensifier, said first power applying device comprising a master cylinder with a liquid compensation means to equalize the liquid delivered by both said power applying devices in the retracted positions of said walls with the vacuum still applied thereto, each of said devices comprising a diaphragm and an intensifier plunger connected thereto.

"17. In combination, a power unit having a casing containing a fluid pressure controlled and operated diaphragm, a power operated hydraulic plunger intensifier therein connected to said diaphragm, a second power unit having a casing, a second hydraulically controlled fluid pressure operated diaphragm in the second casing controlled by the hydraulic plunger intensifier, a valve in the second casing controlling said diaphragm, said valve having a hydraulic connection to said intensifier, and a second power operated plunger intensifier connected to said second diaphragm.

"21. In an apparatus of the character described, a source of vacuum, a vent, a pressure responsive wall having an enclosure and provided with a hydraulic plunger, having a constantly open connection on one side of the wall to the vacuum and a connection on the other side of the wall to said vent, a manually controlled valve in said second connection, a second pressure responsive wall having an enclosure and, provided with a hydraulic plunger having a casing, a fluid passage to one side of the second wall a fluid connection from the other side of the second wall to said constantly open connection, a hydraulic connection from said second plunger to a part to be moved for performing work, a second

hydraulic connection from the first plunger to the first mentioned hydraulic connection and to the second plunger, means associated with the second plunger to interrupt its hydraulic connection with the first plunger and valve operating means, within said casing, in the second hydraulic connection controlling the connection of the fluid passage to the second pressure responsive wall."

The following references were relied upon by the tribunals below:

Bragg et al. 1,583,117 May 4, 1926; Bragg et al. 1,830,636 Nov. 3, 1931; Sciaky 2,032,185 Feb. 25, 1936; Russell 2,053,-301 Sept. 8, 1936; Fitzgerald 2,197,075 Apr. 16, 1940; Stelzer 2,260,492 Oct. 28, 1941.

The Primary Examiner rejected some of the claims on the patent to Sciaky alone and other of the claims on Sciaky in view of the expedients of the art shown by the Bragg patents and Russell together with the disclosures of Stelzer and Fitzgerald. Other grounds of rejection were placed upon the claims which the board did not find necessary to consider and expressly said so. We will consider only the rejection of the tribunals below upon the prior art.

The board agreed in every particular with the decision of the examiner, first stating: "The application relates to a power system which may be used for example in connection with the hydraulic brake system of an automobile or other hydraulic device such as the press disclosed in the Sciaky patent. The primary examiner, in his statement, described the details and operation of the claimed system and has also included in the statement an outline of the disclosure of each of the references. The statement of the examiner is found complete and accurate in these respects and it is not necessary to add anything thereto."

The examiner's statement concerning the actual working of the appellant's device and those of the prior art cited is long and contains references to many numerals. Like the board, we have looked over his statement with care and we find that it is accurate and so clearly explains the device of the appellant and the operation of the devices of the references that it would serve no useful purpose to repeat here what was so well stated there.

While appellant challenges the above quoted statement of the board, we find that it is substantially correct and that if there are any inaccuracies in the said statement of the examiner, as is urged by appellant, they are of no importance in considering the issues presented here.

The main point of difference, and the point of difference chiefly relied upon by appellant, between the Sciaky device and appellant's device as defined by the claims, as is pointed out by the tribunals below and in the brief of the Solicitor for the Patent Office, is summarized by the board in the following language:

"As pointed out by the examiner, the disclosure of the Sciaky patent differs from applicant's disclosure, insofar as that disclosure is covered by the claims, in only two respects, the first relating to the specific source of the fluid pressure for operating the system and the second relating to the use of movable diaphragms instead of movable pistons in applying that pressure within the system.

"In respect to the first difference, the art cited by the primary examiner makes it clear that, in operating a power system by differences in fluid pressure, it is broadly the same, from either an engineering point of view or an inventive point of view, to have the pressure drop from atmospheric pressure to a pressure below atmospheric pressure or to have the pressure drop from a pressure above atmospheric pressure to atmospheric pressure. The difference amounts merely to the location of the pressure range selected on the scale of all available pressures. The applications shows a system in which the power is derived from the admission of air at atmospheric pressure through the inlet port 9 and providing a differential to an atmosphere of low pressure or 'vacuum' at conduit 1. Through such a pressure drop the power is obtained. In the Sciaky patent the power is obtained by admission at A of air at a pressure above atmospheric pressure and providing a differential to the pressure of the atmosphere through conduits 27 and 47.

As clearly disclosed in the patents to Russell and Bragg 1,830,636 these two systems are interchangeable, the Russell patent especially showing a vacuum system and a pressure system alternately applied to substantially the same power apparatus. We agree with the primary examiner that no invention is involved in modifying the Sciaky system to utilize the pressure drop from the atmosphere to a vacuum in place of the pressure drop from high pressure to atmosphere, especially in view of the patents to Russell and Bragg, 1,830,636.

"We also agree with the primary examiner that it would not involve any invention to substitute in the Sciaky system chambers with movable diaphragms therein for the chambers 6 and 7 with movable pistons 10 and 14 therein, in view of the Fitzgerald patent which discloses in Figs. 1 and 7, substantially identical power systems with a movable diaphragm in Fig. 1 taking the place of the movable piston of Fig. 7."

■■■ We agree with the tribunals below that the modification of the Sciaky patent by resorting to an old expedient in utilizing the pressure drop from the atmosphere to a vacuum in place of the pressure drop from high pressure to atmosphere, particularly in view of the Russell and Bragg disclosures, is not inventive, and we agree that it would not involve invention to substitute in the chambers of the Sciaky system movable diaphgrams in place of movable pistons in view of the disclosure of the Fitzgerald patent.

Appellant complained before the board, and complains here, that the examiner erred in holding that certain valves were not "modulating" and "self-lapping." We do not find anything to this effect in the statement of the examiner although in the prior prosecution of the case the examiner commented on the subject matter. In answer to this contention on the part of appellant the board said: "In another ground of the appeal it is alleged that the primary examiner erred in holding the valves 105, 127 not to be 'modulating' and not to be 'self-lapping'. The record does not include an [sic] description of what applicant means by a 'modulating' valve and no reason appears why we should attempt to define the quoted phrase in connection with this case. On page 8 of the specification in its condition as it was when the application was filed it is stated in respect of valve 105 and 127, 'it being understood that they are arranged to be in lap position before the inlet valve is opened and vice versa'. It does not appear from the statement of the examiner that he places any reliance on this ground; and, in applying the claims to his disclosure in the brief, appellant has not indicated that any element recited corresponds to these valves. The Sciaky patent is therefore not disqualified merely because it does not specifically point out any 'self-lapping' valves as contended by appellant and the appeal is dismissed as to this ground."

It may be that appellant's modification of the Sciaky patent in the manner stated, that is, by substituting diaphragms for pistons as actuating means and by substituting suction for positive pressure in effecting the actuation, is an improvement over any old single structure. It seems clear to us, however, that the conclusions of the tribunals below are correct. What appellant has done is suggested in the prior art as being old expedients and therefore does not involve the element of invention. In other words, one skilled in the art could select good features from the prior art and combine them into an improved structure, and this he could do without exercising the inventive faculty. That, we think, is the situation which is presented here.

We have carefully read appellant's elaborate brief here and his brief before the board and all pertinent record facts which would throw any light upon the issues involved and are not convinced that the board erred in affirming the action of the examiner in rejecting all of the appealed claims upon the prior art. The decision of the Board of Appeals is affirmed.

Affirmed.